**Jeffrey T. BELL, Plaintiff,**

v.

**Alberto GONZALES, Attorney General, U.S. Department of Justice, et al., Defendants.**

No. Civ.A. 03–163(JDB).

United States District Court, District of Columbia.

May 6, 2005.

Edith Marshall, Larry S. Gondelman, Powers Pyles Sutter & Verville, Washington, DC, for plaintiff.

Paul Mussenden, U.S. Attorneys Office, Washington, DC, for defendants.

### *ORDER*

BATES, District Judge.

Before the Court is plaintiff's motion for reconsideration of its Memorandum Opinion and Order entered March 25, 2005, granting summary judgment for defendants on the issue of whether plaintiff is "disabled" within the meaning of the Rehabilitation Act. Plaintiff urges the Court to reconsider its decision on the ground that, in determining whether plaintiff is "substantially limited" in a major life activity within the meaning of 29 U.S.C. § 705(20)(B), the Court improperly applied a more stringent "utter inability" standard, rather than one of substantial limitation. Plaintiff also argues that when determining whether a person is substantially limited in the major life activity of interacting with others, the Court should consider not only the person's own ability to communicate, but also whether his interactions are limited because *others* prefer to avoid him based on the social discomfort arising from being with a person having an impairment—in this case, Tourette's Syndrome and associated symptoms such as involuntary tics, grunts, and barks. Defendants oppose the motion on the ground that it is procedurally improper under Fed.R.Civ.P. 59(e), and that, even under Fed.R.Civ.P. 54(b), the Court correctly applied the "substantial limitation" standard.

■ The Court finds it improper to relax the "substantial limitation" standard in the manner sought by plaintiff under either rule—recognizing that, technically,

Rule 54(b) applies because the Order at issue was not a final judgment. As a threshold matter, the Court's decision did not apply an "utter inability" standard. It discussed at length how the "substantial limitation" standard applied in the context of the major life activity of interacting with others, and cited numerous undisputed instances in which the evidence demonstrated that plaintiff was capable of interacting with others (Mem. Op. at 14–15), far beyond the "most basic level" described in *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 202–03 (2d Cir.2004). Moreover, in considering whether a plaintiff is "substantially limited" in interacting with others, the inquiry necessarily focuses primarily on whether the plaintiff, through the exercise of his own skills, is capable of communicating with others, in contrast to examining whether others wish to avoid interacting with him because of his impairment. *See id.* at 203 (holding that the substantial limitation standard is satisfied "when the impairment severely limits *the plaintiff's ability* to connect with others, *i.e., to initiate contact with other people and respond to them, or to go among other people*—at the most basic level of these activities . . .") (emphasis added).

■ Measuring whether a plaintiff is "substantially limited" in interacting with others through the reactions of society would result in defining a disability based on the subjective and varied range of reactions of the persons with whom a plaintiff happens to come into contact, and would focus the inquiry away from a plaintiff's own abilities—a point plaintiff concedes here.[1] *See* Pl.'s Reply at 3 ("these behaviors [twitches, grimaces, barks, puffs, and

---

1. Plaintiff does not rely on the "regarded as" disabled provision (Section 705(20)(B)(iii)) because it would require that he be perceived as severely restricted in one or more major life activities. Pl.s' Mot. at 5 n. 1. Thus, it would not encompass an impairment that re-

sults in a limitation on human interactions (the major life activity at issue) that arises from the fear and discomfort that others feel, unless the Court's decision were altered in the manner now sought by plaintiff.

grunts] color and disadvantage his human interactions—*not so much because of his own communications skills as because of the reactions of other people ...*") (emphasis added). The Court has located no case law to support such an approach, and plaintiff has cited none. Indeed, that approach would produce the sort of "unworkably subjective definition" rejected by *Jacques* and other courts. *See Jacques,* 386 F.3d at 202; *Soileau v. Guilford of Maine, Inc.,* 105 F.3d 12, 15 (1st Cir.1997) ("The concept of 'ability to get along with others' is remarkably elastic ... and [it] may or may not exist depending on context").

 Plaintiff's real disagreement is with the constraints of the Rehabilitation Act and the Americans with Disabilities Act ("ADA") as interpreted by the courts. The Acts purposely define "disability" in a functional manner, rather than providing coverage for all impairments that could give rise to societal prejudice. *See Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 485–87, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (explaining that the ADA's estimate of number of persons with covered disabilities reflects an understanding of disability based on a functional approach tied to what an individual can perform, in contrast to a non-functional "health conditions" approach). That such generalized prejudice is at the heart of plaintiff's arguments is readily apparent from his reliance exclusively on the "reactions [of others] of discomfort, misunderstanding, and avoidance" to his condition, in attempting to demonstrate that his interaction with others is "substantially limited." Pl.'s Mot. at 4; Reply at 6. Although the Court is sympathetic to the concerns (and pleas) expressed in support of plaintiff's motion, the approach advanced by plaintiff is not consistent with the law as Congress has written it and the courts have interpreted it.

For the foregoing reasons, it is hereby

ORDERED that plaintiff's motion for reconsideration is DENIED.